IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC T. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.:  1:14-CV-2720-ODE |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CITY OF ATLANTA, JEFFERY | ) | |
| HENDERSON, and OFFICER JOHN | ) | |
| DOE | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW, Eric T. Roberts, Plaintiff, and brings this action against the City of Atlanta, Georgia; Atlanta Police DepartmentOfficer Jeffery Henderson; and Atlanta Police Department Officer John Doe, on the following grounds:

## INTRODUCTION

1.

Plaintiff brings this action pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and pursuant to Georgia law, and shows that Defendants violated his constitutional rights and violated Georgia law by using excessive force during his arrest and detention.

1

**JURISDICTION AND VENUE**

2.

This action arises under the Federal Constitution, and therefore this Court possesses jurisdiction over this case pursuant to 28 U.S.C. § 1331.

3.

This action seeks redress for deprivation, under color of law, of rights secured by the Constitution of the United States, and therefore the District Court possesses jurisdiction pursuant to 28 U.S.C. § 1343.

4.

This Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.

Pursuant to 28 U.S.C. § 1391, venue lies in this Court as at least one of the Defendants resides within the Northern District of Georgia.

**PARTIES**

6.

Plaintiff Eric T. Roberts is a resident of the State of Texas who was, at the time of the incidents giving rise to this Complaint, a resident of Fulton County, Georgia, and who hereby subjects himself to the jurisdiction of this Court.

7.

Upon information and belief, Officer Jeffery Henderson is a resident of Fulton County, Georgia, who can be served with process at his place of business: The Atlanta Police Department, Zone 2 Precinct, 3120 Maple Drive, N.E., Atlanta, Georgia 30305.

8.

Upon information and belief, Officer John Doe is a resident of Fulton County, Georgia, who can be served with process at his place of business: The Atlanta Police Department, Zone 2 Precinct, 3120 Maple Drive, N.E., Atlanta, Georgia 30305.

9.

Defendant City of Atlanta is a corporate body subject to suit established by Georgia law which, at all times relevant hereto, employed the individually named Defendants and set the policies and procedures and/or tacitly condoned the actions, tactics, and policies of the City of Atlanta Police Department, and of Defendants, that facilitated the conduct by Defendants and proximately caused the harm to Plaintiff complained of herein, and it has waived immunity for claims arising from such conduct. Defendant City of Atlanta may be served with process by delivering a copy of the Summons and Complaint to the Mayor of the City of Atlanta, Kasim

Reed, at his place of business: Office of the Mayor of the City of Atlanta, 55 Trinity Avenue, Atlanta, Georgia 30303.

## FACTUAL ALLEGATIONS

### 10.

On or about the evening of September 30, 2012, officers of the Atlanta Police Department, including Defendant Henderson, were dispatched to a vehicular accident at or around 125 Peachtree Hills Avenue, N.E., which involved Plaintiff.

### 11.

Defendant Henderson arrested Plaintiff at the accident scene, handcuffed his wrists with his arms behind his back, and took him into custody.  At all relevant times, Plaintiff was cooperative, did not resist, and did not attempt to flee.

### 12.

Defendant Henderson transported Plaintiff to Grady Hospital Detention Center ("Detention Center") for the treatment of Plaintiff's injuries from the vehicular accident.

### 13.

Plaintiff remained handcuffed with his hands behind his back while awaiting treatment at the Detention Center.

14.

As Plaintiff stood in the hallway awaiting such treatment, an Atlanta Police Department officer – Defendant Henderson or Defendant Doe—intentionally and maliciously pushed Plaintiff from behind.

15.

Plaintiff fell forward headfirst and, being unable to break his fall, smacked his head on the ground, sustaining a deep facial laceration that caused severe pain and resulted in permanent scarring.

16.

This use of force was excessive, gratuitous, unnecessary, and unreasonable. At the time the force was applied, Plaintiff was handcuffed with his hands behind his back; he was not resisting or fleeing; and he posed no danger to Defendants or any flight risk.

## **COUNT I**

## **42 U.S.C. § 1983 (EXCESSIVE FORCE)**

17.

Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 16 above as if set forth fully verbatim herein.

18.

At all times relevant to this action, Defendants Henderson and Doe acted under color of State law in their capacities as City of Atlanta Police Officers.

19.

Defendants Henderson and/or Doe knowingly, maliciously, and intentionally used objectively unreasonable and excessive force during their arrest and detention of Plaintiff on September 30, 2012, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

20.

Additionally, Defendants Henderson and/or Doe knowingly, maliciously, and intentionally failed to take reasonable steps to protect Plaintiff from the other Officer's use of excessive force in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution

21.

At all times relevant to this action, reasonable officers in Defendants' positions would have known that their actions violated Plaintiff's right to be free from the use of objectively unreasonable excessive force during police/citizen encounters under the Fourth and Fourteenth Amendments to the United States Constitution.

22.

As a direct and proximate result of Defendants' knowing, malicious, and intentional actions and omissions, Plaintiff suffered a loss of liberty, permanent physical injuries, and physical and emotional pain and suffering, in violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution.

23.

Defendants' actions and omissions were intentional, willful, malicious, and oppressive, thereby entitling Plaintiff to an award of aggravated, exemplary, and punitive damages in an amount to be determined by the enlightened conscience of the jury.

## **COUNT II**

## **ASSAULT AND BATTERY**

24.

Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 23 above as if set forth fully verbatim herein.

25.

Defendants' unlawful, unauthorized, and malicious acts and omissions, as described herein, gave rise to a reasonable apprehension that Plaintiff would suffer a violent injury, which he did in fact suffer, in violation of Georgia law.  O.C.G.A. §§ 51-1-13; 51-1-14.

26.

Defendants, acting with malice and without consent, made unauthorized and unlawful physical contact withPlaintiff, without privilege, causing Plaintiff serious and permanent personal injuries in violation of Georgia law.  O.C.G.A. §§ 51-1-13; 51-1-14.

27.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered general and special damages, including permanent physical injuries, physical and mental pain and suffering, and medical bills, all in an amount to be proven at trial.  Additionally, Plaintiff is entitled to an award of punitive damages for Defendants' willful misconduct evidencing that entire want of care which would raise the presumption of conscious indifference to consequences.

## COUNT III

## NEGLIGENCE

28.

Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 27 above as if set forth fully verbatim herein.

29.

Defendants owed Plaintiff, a handcuffed arrestee in their custody, a duty of care.

30.

Defendants breached their duty of care by shoving and/or allowing Plaintiff to be shoved to the floor while in their custody with his hands handcuffed behind his back.

31.

Defendants' acts and omissions violated policies and procedures of the City of Atlanta of a ministerial nature.

32.

As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered general and special damages, including permanent physical injuries,

physical and mental pain and suffering, and medical bills, all in an amount to be proven at trial.

## COUNT VI

## ATTORNEYS' FEES

33.

Plaintiff re-alleges andincorporates by reference the allegations of paragraphs 1 through 32 above as if set forth fully verbatim herein.

34.

Pursuant to 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of this litigation as the prevailing party and because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffunnecessary trouble and expense.

**WHEREFORE,** Plaintiff prays:

(1)     That process issue as required by law;

(2)     That judgment be entered in favor of Plaintiff and against Defendants, jointly and severally, for the full amount of actual and compensatory damages as determined by the enlightened conscience of the jury;

(3)    That judgment be entered in favor of Plaintiff and against Defendant Henderson for the full amount of punitive damages as determined by the enlightened conscience of the jury;

(4)    That Plaintiff be awarded costs of this litigation, including all reasonable and necessary expenses and attorney's fees; and

(5)    For such other and further relief that the Court may deem just and proper under the circumstances.

Respectfully submitted this 21st day of August, 2014.

FRIED & BONDER LLC

/s/ Joseph A. White
Joseph A. White
Georgia Bar No. 754315
*Attorney for Plaintiff*

White Provision, Suite 305
1170 Howell Mill Rd., N.W.
Atlanta, Georgia 30318
Phone: (404) 995-8808
Facsimile: (404) 995-8899